UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:20-cv-1280-SDM-JSS
    8:16-cr-319-SDM-JSS

FAYEZ ABU-AISH
_____/

## ORDER

Abu-Aish moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his convictions for (1) one count of conspiring to possess with intent to distribute a mixture or substance containing a detectable amount of XLR-11, (2) one count of distributing a mixture or substance containing a detectable amount of XLR 11, and (3) one count of possessing a mixture or substance containing a detectable amount of XLR-11 with intent to distribute. Also, Abu-Aish challenges his sentence of 168 months' imprisonment.

In addition to other claims, Abu-Aish alleges both that trial counsel rendered ineffective assistance by not informing him that the United States had offered a plea agreement and that he would have accepted a plea offer. In opposing the motion to vacate, the United States provides an affidavit from Abu-Aish's former trial counsel who represents that he thoroughly discussed the plea offer with Abu-Aish, who insisted on pleading "not guilty." Consequently, a credibility determination is required to resolve whether Abu-Aish knew about and rejected the plea offer.

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an allegation of ineffective assistance of counsel. As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, "the defendant must show that counsel's performance was deficient [and] that the deficient performance prejudiced the defense." Trial counsel's failure to deliver a plea offer constitutes deficient performance. *Missouri v. Frye*, 566 U.S. 134, 145 (2012) (finding a "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). To meet the prejudice requirement, Abu-Aish must show that he would have accepted the plea offer. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). But "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. *See Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

However, an evidentiary hearing is unnecessary if the record shows that the defendant would not have accepted the plea. *Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015) ("[B]ecause Rosin did not allege that he would have accepted a guilty plea and abstained from proceeding to trial but for the alleged errors of his trial counsel, Rosin has failed to show that the alleged errors prejudiced him."). The United States contends that an evidentiary hearing is unnecessary, but this assertion

is based principally on accepting trial counsel's version of the events as more credible that Abu-Aish's version. An evidentiary hearing is avoidable if the record — apart from trial counsel's affidavit — shows that Abu-Aish would not have accepted the plea offer. *See e.g., Rosin*, 786 F.3d at 878–79 (The record showed that "Rosin persistently refused to accept responsibility and adamantly professed his innocence during all stages of his criminal proceedings" and "blamed other people for his plight." "Thus, the record evidence patently contradicts Rosin's assertion on appeal that he would have accepted a guilty plea . . . ."); *Osley v. United States*, 751 F.3d 1214, 1225 (11th Cir. 2014) ("Osley's insistence on his innocence, both before and after trial, makes it more difficult to accept his claim that he would have taken a fifteen-year plea deal."); *Tsurkan v. United States*, 852 F. App'x 455, 456 (11th Cir. 2021)[*] ("This record evidence is enough to refute Tsurkan's 'conclusory after-the-fact assertion' — first asserted in his section 2255 motion — that he would have accepted the proposed plea offer."). Rather than incorporating both initial and supplemented pleadings, the United States must file an amended response and Abu-Aish must file an amended reply to specifically address whether the record — apart from trial counsel's affidavit — shows that Abu-Aish would not have accepted a plea agreement. *See Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended pleading).

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

The response and reply (Docs. 5 and 16) are **STRICKEN**. No later than **MONDAY, OCTOBER 30, 2023**, the United States must file an amended response and Abu-Aish has **THIRTY DAYS** to file an amended reply. The clerk must **ADMINISTRATIVELY CLOSE** this action and re-open the action when briefing is complete.

ORDERED in Tampa, Florida, on September 18, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE